JUDGE BAER

CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

13 CV 5041



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOSS WILLIAMS and TASMEEN McCOY, on behalf of
themselves and others similarly situated,

         Plaintiffs,

  -against-

TRI-STATE BIODIESEL, LLC, and BRENT BAKER,

         Defendants.
-------------------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial
Demanded**

Plaintiffs BOSS WILLIAMS and TASMEEN McCOY ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, TRI-STATE BIODIESEL, LLC ("TRI-STATE"), and BRENT BAKER (collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid straight time wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid straight time wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, (4) liquidated damages under the New York Labor Law and the New York State Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are each residents of New York County, New York.

6. Upon information and belief, defendant, TRI-STATE, is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 531 Barretto Street, Bronx, New York 10474.

7. Defendant, TRI-STATE, is authorized to and does perform business within the State of New York.

8. Defendant, BRENT BAKER, is the owner, Chief Financial Officer, Chief Executive Officer, shareholder, proprietor, director and managing agent of TRI-STATE, who participated and continues to participate in the day-to-day operations of TRI-STATE and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d)

and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with TRI-STATE.

9. Defendant BRENT BAKER exercised control over the terms and conditions of Plaintiffs' employment in that he has the power to and does: (i) hire and fire employees, (ii) determine and approve rates and methods of pay, (iii) determine and approve work schedules, (iv) supervise and control the work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

10. Upon information and belief, TRI-STATE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11. Defendants employed plaintiff, BOSS WILLIAMS, from in or about August 2009 until on or about June 15, 2012.

12. Defendants employed plaintiff, TASMEEN McCOY, from in or about August 2011 until in or about May 2012.

13. The work performed by Plaintiffs was directly essential to the business operated by TRI-STATE.

14. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned straight time wages in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of New York Labor Law.

17. Plaintiffs have satisfied all conditions precedent to the institution of this action or such conditions have been waived.

## STATEMENT OF FACTS

18. In or about August 2009, defendant BRENT BAKER hired plaintiff, BOSS WILLIAMS, to work as a non-exempt overnight pump operator, where his job responsibilities included fueling trucks utilized by Fresh Direct, LLC ("Fresh Direct") at Fresh Direct's Long Island City facility located at 20-30 Borden Avenue, Long Island City, New York.

19. Upon information and belief, the Defendants provided fueling services to Fresh Direct pursuant to a written contract agreement between the Defendants and Fresh Direct.

20. In or about January 2009, defendant BRENT BAKER, promoted plaintiff, BOSS WILLIAMS, to the position of driver for the Defendants' petroleum refining and recycling company, where his job responsibilities included driving Defendants' trucks to designated restaurants within the borders of New York City for purposes of collecting used oil from those establishments and returning it to the Defendants' processing plant where it was ultimately refined and recycled into crude oil and then sold to third parties where it was then processed into bio-fuel.

21. In or about October 2010, defendant BRENT BAKER instructed plaintiff that, in addition to his driving duties, he would be replacing an outgoing employee responsible for preparing daily route sheets and assigning drivers and drivers' helpers to specific truck routes each night for the next day's work. Plaintiff was required to perform these functions at his

4

residence after his normal daily work shift was completed. Defendants never compensated Plaintiff for the ten (10) to fifteen (15) additional work hours performed at home each week.

22. Plaintiff, BOSS WILLIAMS, continued to work in such capacities for the Defendants until on or about June 15, 2012, at which time defendant BRENT BAKER terminated plaintiff's employment.

23. During Plaintiff's employment by the Defendants, he worked over forty (40) hours per week. During the first month of his employment in August 2009 – working as an overnight pump operator, defendant BRENT BAKER instructed Plaintiff that he would work three (3) days a week, and advised that, although his work shift may fluctuate, his shift would normally consist of twelve (12) hours each day, from 5:00 p.m. until 5:00 a.m.

24. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $18 per hour, and Plaintiff worked approximately thirty-six (36) hours per week. Thus, Plaintiff makes no claim for unpaid wages during the first month of his employment.

25. Beginning in or about September 2009 and continuing through approximately January 2010 – while working as an overnight pump operator, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consist of twelve (12) hours per day, from 5:00 p.m. until 5:00 a.m.

26. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $18 per hour, and Plaintiff worked approximately sixty (60) hours per week. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as required by state and

federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

27. Beginning in or about February 2010 and continuing through on or about August 8, 2010 – while working as a driver, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consist of eleven (11) hours each day, from 6:00 a.m. until 5:00 p.m.

28. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $18 per hour, and Plaintiff worked approximately fifty-five (55) hours per week. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

29. Beginning on or about August 9, 2010 and continuing through on or about October 3, 2010 – while working as a driver, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consist of eleven (11) hours each day, from 6:00 a.m. until 5:00 p.m.

30. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $19 per hour, and Plaintiff worked approximately fifty-five (55) hours per week. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

31. Beginning on or about October 4, 2010 and continuing through on or about February 6, 2011 – while working as a driver, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consist of twelve (12) hours per day, from 5:00 a.m. until 5:00 p.m.

32. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $20 per hour, and Plaintiff worked approximately sixty (60) hours per week, plus an additional ten (10) to fifteen (15) hours per week at night from home after his regular work shift was completed for a total of approximately seventy (70) to seventy-five (75) hours per week. Since this work was performed in addition to Plaintiff's regular work shift, they constitute overtime hours for which the Defendants were obligated to compensate Plaintiff at the rate of time and one-half his regular rate of pay.

33. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

34. To the extent there were weeks where Plaintiff's regular work shift did not reach forty (40) hours, the evening work hours constitute, at least in part, straight time wage for which he was entitled to be paid at his regular rate of pay.

35. Beginning on or about February 7, 2011 and continuing through in or about December 2011 – while working as a driver, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consist of twelve (12) hours each day, from 5:00 a.m. until 5:00 p.m.

36. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $21 per hour, and Plaintiff worked approximately sixty (60) hours per week, plus an additional ten (10) to fifteen (15) hours per week at night from home after his regular work shift was completed for a total of approximately seventy (70) to seventy-five (75) hours per week. Since this work was performed in addition to Plaintiff's regular work shift, they constitute overtime hours for which the Defendants were obligated to compensate Plaintiff at the rate of time and one-half his regular rate of pay.

37. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

38. To the extent there were weeks where Plaintiff's regular work shift did not reach forty (40) hours, the evening work hours constitute, at least in part, straight time wages for which he was entitled to be paid at his regular rate of pay.

39. Beginning on or about January 1, 2012 and continuing through on or about April 8, 2012 – while working as a driver, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consist of twelve (12) hours each day, from 5:00 a.m. until 5:00 p.m.

40. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $21.50 per hour, and Plaintiff worked approximately sixty (60) hours per week, plus an additional ten (10) to fifteen (15) hours per week at night from home after his regular work shift was completed for a total of approximately seventy (70) to seventy-five (75) hours per week. Since this work was performed in addition to Plaintiff's regular work shift, they constitute

overtime hours for which the Defendants were obligated to compensate Plaintiff at the rate of time and one-half his regular rate of pay.

41. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

42. To the extent there were weeks where Plaintiff's regular work shift did not reach forty (40) hours, the evening work hours constitute, at least in part, straight time wages for which he was entitled to be paid at his regular rate of pay.

43. Beginning on or about April 9, 2012 and continuing through the remainder of Plaintiff's employment on or about June 15, 2012 – while working as a driver, defendant BRENT BAKER instructed Plaintiff that he would work five (5) days per week, and advised that, although his work shift may fluctuate, his shift would normally consisted of twelve (12) hours each day, from 5:00 a.m. until 5:00 p.m.

44. During this period, defendant BRENT BAKER agreed to pay Plaintiff by check at the rate of $22 per hour, and Plaintiff worked approximately sixty (60) hours per week, plus an additional ten (10) to fifteen (15) hours per week at night from home after his regular work shift was completed for a total of approximately seventy (70) to seventy-five (75) hours per week. Since this work was performed in addition to Plaintiff's regular work shift, they constitute overtime hours for which the Defendants were obligated to compensate Plaintiff at the rate of time and one-half his regular rate of pay.

45. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the statutory rate of time and one-half as

required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

46. To the extent there were weeks where Plaintiff's regular work shift did not reach forty (40) hours, the evening work hours constitute, at least in part, straight time wages for which he was entitled to be paid at his regular rate of pay.

47. In or about August 2011, defendant BRENT BAKER hired plaintiff, TASMEEN McCOY, to work as a non-exempt hose operator for the Defendants' petroleum refining and recycling company, where his job responsibilities included assisting drivers of Defendants' trucks for purposes of collecting the used oil from designated restaurants within the borders of New York City and returning it to Defendants' processing plant where it was ultimately refined and recycled into crude oil and then sold to third parties where it was then processed into bio-fuel.

48. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Throughout the entirety of his employment, Plaintiff worked six (6) days a week and, although his work shift fluctuated, it normally consisted of nine and one-half (9½) hours each day, from 2:30 p.m. until 12:00 a.m.

49. Defendant BRENT BAKER occasionally directed Plaintiff to work seven (7) days per week.

50. Throughout the entirety of his employment, defendant BRENT BAKER agreed to pay Plaintiff, by check, at the rate of $12 per hour, and Plaintiff worked approximately fifty-seven (57) to sixty-six (66) hours per week. Worked performed between hours forty (40) and fifty (50) each week was paid at Plaintiff's straight time regular rate, and was not paid at the

statutory rate of time and one-half as required by state and federal law. Defendants only paid Plaintiff at time and one-half his regular rate of pay for hours beyond fifty (50) each week.

51. Defendants knowingly and willfully operated their business with a policy of not paying straight time wages to plaintiff BOSS WILLIAMS.

52. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs and other similarly situated employees for work performed over forty (40) hours in a workweek.

53. Defendants knowingly and willfully operated their business with a policy of not paying "spread of hours" premium to Plaintiffs and other similarly situated employees for each day they worked a shift in excess of ten (10) hours in a day.

54. Defendant, BRENT BAKER, is an individual who, upon information and belief, owns the stock of TRI-STATE, owns TRI-STATE, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

55. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

56. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

59. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

60. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

61. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

62. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

63. Defendants failed to pay plaintiff BOSS WILLIAMS straight time wages in the lawful amount for hours worked up to forty (40) in violation of the FLSA.

64. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful straight time wages and overtime compensation for hours worked when they knew or should have known such was due.

65. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

66. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

67. As a direct and proximate result of the Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

68. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid straight time wages, unpaid overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

69. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

70. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. At all relevant times, Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

72. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs straight time wages and overtime compensation in the lawful amount for hours worked in excess of forty (40) hours per workweek.

73. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs "spread of hours" premium for each day their shift exceeded ten (10) hours, in contravention of the New York Labor Law and the Regulations promulgated thereunder. N.Y. Lab. Law. Reg. § 142-2.4.

74. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid straight time wages, unpaid overtime compensation,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

### **PRAYER FOR RELEIF**

WHEREFORE, Plaintiffs BOSS WILLIAMS and TASEEM McCOY, on behalf of themselves and all other similarly situated employees, respectfully request that this Court grant the following relief:

(a) An award of unpaid straight time wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of the Defendants' failure to pay straight time wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of the Defendants' failure to pay straight time wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(h) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
July 18, 2013

                                        Respectfully submitted,

                                        CILENTI & COOPER, PLLC
                                        *Attorneys for Plaintiffs*
                                        708 Third Avenue – 6th Floor
                                        New York, NY 10017
                                        T. (212) 209-3933
                                        F. (212) 209-7102
                                        jcilenti@jcpclaw.com

By: _____
                                       Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Boss Williams_, am an employee formerly employed by _Tri-State Biodiesel_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       _June 27_, 2013

_____
[signature]

Sworn to before me this 27th
day of _June_ 2013.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Tasneen McCoy_, am an employee formerly employed by _Tri-State Biodiesel_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 27_, 2013

_/s/ T. McCoy_

Sworn to before me this _27th_ day of _June_ 2013.

_/s/_
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015